UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS LAUDATO, | ) | |
| | ) | CASE NO. 1:15 CV 1143 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CAROLYN COLVIN, | ) | AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II. Magistrate Judge Knepp recommended that the Commissioner of Social Security's decision be reversed in part and affirmed in part. The Report and Recommendation (Doc #13), submitted on June 3, 2016, is hereby ADOPTED by this Court in its entirety.

**Procedural and Factual Background**

Plaintiff filed for disability insurance benefits ("DIB") on April 25, 2012, alleging a disability onset date of December 13, 2010. (Doc #13 at 1). Plaintiff applied for DIB due to bulging discs, bilateral chondramalacia patellae, bilateral bursitis in his hips, arthritis in his right foot, left shoulder arthritis and bursitis, and depression. (*Id.*). Plaintiff's request for DIB was initially denied and denied upon reconsideration. (*Id.*). Plaintiff then requested a hearing with an Administrative Law Judge ("ALJ"). (*Id.*). In December of 2013, the ALJ found that Plaintiff

had a degenerative disc disease of the lumbar spine and degenerative arthritis of the hips and knees. (*Id.* at 7). However, these impairments did not meet or medically equal any listed impairments that award DIB. (*Id.*). Plaintiff could still perform light work, such as the duties of a cashier or sales attendant, despite the ALJ determining that Plaintiff could not climb ladders, ropes or scaffolds and could only occasionally climb stairs and occasionally balance, kneel, crouch or crawl. (*Id.*). Therefore, the ALJ found Plaintiff was not disabled and the Appeals Council denied Plaintiff's request for review, making the hearing decision of the Commissioner of Social Security final. (*Id.* at 2).

On June 8, 2015, Plaintiff filed a Complaint against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny Plaintiff DIB. (Doc #1). Pursuant to Local Rule 72.2(b)(1), this matter was referred to Magistrate Judge Knepp for the preparation of a Report and Recommendation. Magistrate Judge Knepp issued his Report and Recommendation on June 3, 2016. (Doc #13). Magistrate Judge Knepp recommended that this matter be remanded in part and that the ALJ further evaluate whether hemochromatosis, in combination with Plaintiff's other impairments, affects Plaintiff's ability to work. (*Id.* at 15). Further, Magistrate Judge Knepp found that the ALJ's failure to designate hemochromatosis as a severe impairment is reversible error. *(Id.).* Defendant filed timely objections to the Report and Recommendation limited to the recommendation that the case be remanded in part to evaluate Plaintiff's ability to work with his hemochromatosis and other impairments. (Doc #14). This Court herein reviews the Report and Recommendation and Defendant's Objections.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a Magistrate Judge's Report and Recommendation depends on whether objections were made to that report. When objections are made to a Report and Recommendation of a Magistrate Judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, de novo. (*See Ivy v. Secretary of Health and Human Servs.*, 976 F.2d 288, 289-90 (6th Cir. 1992)).

It is important to note that the standard of review for a Magistrate Judge's Report and Recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ and the Appeals Council, is limited to whether that decision is supported by substantial evidence. (*See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989)). "Substantial evidence exists when a reasonable mind could

3

accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." (*Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted)).

## Conclusion

This Court has reviewed the Report and Recommendation in this case *de novo* and has considered all of the pleadings, transcripts, affidavits, motions, and filings of the parties. Further, this Court has reviewed the ALJ's findings in Plaintiff's administrative proceedings and the Appeals Council's decision under the substantial evidence standard. After careful evaluation of the record, the Report and Recommendation, and Defendant's Objections, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Defendant asserts one objection to the Report and Recommendation. Defendant disagrees that this case warrants remand and objects to the Magistrate Judge's recommendation that the ALJ further explore whether hemochromatosis, in combination with Plaintiff's other impairments, affects Plaintiff's ability to work.

The Magistrate Judge did not err in finding that the case warranted remand in part. The Court finds that the Report and Recommendation warrants remand because the ALJ was required to consider the effects that hemochromatosis could have on Plaintiff's Residual Functional Capacity ("RFC"). (Doc #13 at 10). Plaintiff's hemochromatosis went completely unacknowledged by the ALJ even though Plaintiff had a history of positive diagnoses and there was evidence of elevated hemoglobin levels. Therefore, the ALJ's failure to designate hemochromatosis as a severe impairment is reversible error because the ALJ did not discuss Plaintiff's symptoms or medical evidence in his opinion. (*Id.* at 11).

For the foregoing reasons, the Report and Recommendation of Magistrate Judge James Knepp, II, (Doc #13) is hereby ADOPTED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *July 29, 2016*